# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| C.H. HILL, | Case No.: 3:20-cv-00250-MMD-WGC |
| Plaintiff | **Order** |
| v. | Re: ECF Nos. 1, 1-1, 3 |
| ELI LILLY AND COMPANY, | |
| Defendants | |

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1). Plaintiff has also filed a motion for appointment of counsel. (ECF No. 3.)

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

(quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of  the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

Plaintiff's certified account statement indicates that his average monthly balance for the last six months was $0, and his average monthly deposits were $0.

Plaintiff's application to proceed IFP is granted. Plaintiff will not be required to pay an initial partial filing fee; however, whenever his prison account exceeds $10, he must make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the $350 filing fee is paid.

## II. SCREENING

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of]

a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff sues Eli Lilly, alleging that between 2002 and 2003 he was prescribed Zyprexa. In 2004, he was diagnosed with type two diabetes, which has resulted in neuropathy, retinopathy, cataracts and blindness between July 2018 and 2020. He claims that he developed diabetes and these resulting conditions because of Zyprexa, an antipsychotic drug that raises blood sugar levels and is associated with diabetes. He then lists seven counts: negligence and gross negligence; liability under the Nevada Extended Manufacturer's Liability Doctrine; breach of the implied warranty; breach of express warranty; fraudulent concealment; strict liability; and liability for personal injury.

To state a claim for negligence in Nevada, Plaintiff must allege: (1) the existence of a duty of care; (2) breach of that duty; (3) legal causation; and (4) damages. *See DeBoer v. Sr. Bridges of Sparks Fam. Hosp.*, 128 Nev. 406, 412, 272 P.3d 727, 732 (2012) (citations omitted).

"A claim for gross negligence claim is separate from a normal negligence claim." *Gaming v. Trustwave Holdings, Inc.*, No. 2:15-cv-02464-GMN-PAL, 2016 WL 5799300, at *6 (D. Nev. Sept. 30, 2016). "[T]o state a claim for gross negligence a plaintiff must establish that

1  the defendant failed 'to exercise even the slightest degree of care' in his conduct." *Id.* (quoting

2  *Hart v. Kline*, 61 Nev. 96, 116 P.2d 672, 673-74 (Nev. 1941)).

3      Plaintiff does not allege facts to demonstrate the elements of negligence or gross

4  negligence against Eli Lilly. In addition, Plaintiff's claim for personal injury would be

5  encompassed by the negligence claims.

6      Nevada has accepted strict liability as to manufacturers of all types of products, which

7  means that the manufacturer is liable for damages caused by a defective product even if they

8  were not negligent. *Shoshone Coca-Cola Bottling Co. v. Dolinski,* 82 Nev. 439, 442, 420 P.2d

9  855, 857 (1966); *Ginnis v. Mapes Hotel Corp.*, 86 Nev. 408, 413, 470 P.2d 135, 138 (1970);

10  *Fyssakis v. Knight Equipment Corp.*, 108 Nev. 212, 826 P.2d 570 (1992).

11      A strict products liability action requires a plaintiff to allege: (1) defendant placed a

12  defective product on the market; (2) the defect caused plaintiff's injury; and (3) the defect existed

13  when the product left the hands of defendant. *See Allison v. Merck & Co.*, 878 P.2d 948, 952

14  (1994); *Fyssakis,* 826 P.2d at 572.  "[P]roducts are defective which are dangerous because they

15  fail to perform in the manner reasonably expected in light of their nature and intended function."

16  *Id.* The defect must make the product "unreasonably dangerous." *Lewis v. Sea Ray Boats,*

17  *Inc.,*119 Nev. 100, 65 P.3d 245, 249 (2003).

18      Plaintiff does not specifically allege that Zyprexa was defective, or even that Eli Lilly

19  was the manufacturer and/or distributor of the drug so that it was the one that placed the drug on

20  the market.

21      In the event Plaintiff is attempting to assert a strict liability failure to warn claim against

22  Eli Lilly, a plaintiff must allege: "(1) the product had a defect which rendered it unreasonably

23  dangerous, (2) the defect existed at the time the product left the manufacturer, and (3) the defect

caused the plaintiff's injury." *Fyssakis v. Knight Equip. Corp.*, 108 Nev. 212, 826 P.2d 570, 571 (1992). "A product may be found unreasonably dangerous and defective if the manufacturer failed to provide an adequate warning." *Rivera v. Philip Morris, Inc.*, 125 Nev. 185, 209 P.3d 271, 275 (2009) (en banc).

Plaintiff has not alleged facts to demonstrate the elements of a strict liability failure to warn claim. Plaintiff refers to an extended manufacturer's liability doctrine without citing any authority or facts. Presumably, this would be encompassed by any strict liability claim.

Next, Plaintiff asserts breach of express and implied warranty claims. To state a breach of warranty claim under Nevada law, a plaintiff must allege: (1) a warranty existed; (2) the defendant breached the warranty; and (3) the defendant's breach was the proximate cause of the plaintiff's damages. *Nevada Contract Servs., Inc. v. Squirrel Cos,. Inc.*, 119 Nev. 157, 68 P.3d 896, 899 (2003).

Express warranties may be created by an affirmation of fact that relates to the goods or a description of the goods, where the information is made part of the basis of the bargain. Nev. Rev. Stat. 104.2313. Express warranties may also be created by a description of the goods, where the description is made part of the basis of the bargain. *Id.*

Plaintiff does not allege that Eli Lilly made an affirmation of fact related to the goods and does not allege that an express warranty was created by a description of the goods.

Nevada law recognizes two types of implied warranties: (1) implied warranty of merchantability; and (2) implied warranty of fitness for a particular purpose. Nev. Rev. Stat. 104.2314-104.2315.)

Plaintiff does not include factual allegations to assert a breach of implied warranty claim including what warranty was implied, how Eli Lilly Breached it, or that this was the proximate cause of his damages.

Finally, Plaintiff asserts a claim for fraudulent concealment. To state a fraudulent concealment claim in Nevada, a plaintiff must allege:

> (1) the defendant concealed or suppressed a material fact; (2) the defendant was under a duty to disclose the fact to the plaintiff; (3) the defendant intentionally concealed or suppressed the fact with the intent to defraud the plaintiff…; (4) the plaintiff unaware of the fact and would have acted differently if she had known of the concealed or suppressed fact; (5) and, as a result of the concealment or suppression of the fact, the plaintiff sustained damages.

*Dow Chem. Co. v. Mahlum*, 114 Nev. 1468, 970 P.2d 98, 110 (1998), *overruled in part on other grounds by GES, Inc. v. Corbitt*, 117 Nev. 265, 21 P.3d 11 (2001).

Plaintiff  does not include any factual allegations to support a claim for fraudulent concealment.

Plaintiff's complaint will be dismissed, but with leave to amend, so Plaintiff may attempt to correct the deficiencies noted above.

### III. MOTION FOR APPOINTMENT OF COUNSEL

"[A] person [generally] has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). 28 U.S.C. § 1915(e)(1), however, does allow the court to "request an attorney to represent any person unable to afford counsel." That being said, the appointment of counsel in a civil case is within the court's discretion and is only allowed in "exceptional cases." *See Palmer*, 560 F.3d at 970 (citations omitted); *see also Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015). In "determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of

success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Cano v. Taylor,* 739 F.3d 1213, 1218 (9th Cir. 2015). "Neither of these considerations is dispositive and instead must be viewed together." *Id*. (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff states that he has neuropathy, retinopathy, diabetes, and cataracts and has become increasingly blind in both eyes. He is also uneducated. He states that he is likely to succeed in this case. He claims that defendant is a large drug manufacturer with great legal resources.

Plaintiff has not asserted why he is likely to succeed on the merits of his claim. At this point the court does not have enough factual information from the complaint to determine one way or another his likelihood of success on the merits or the complexity of the legal issues. While Plaintiff may have required some assistance in drafting his communications, so far he has been able to adequately articulate himself.

For these reasons, Plaintiff's motion for appointment of counsel (ECF No. 3) will be denied without prejudice.

### IV. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 1) is **GRANTED**. Plaintiff will not be required to pay an initial partial filing fee; however, whenever his prison account exceeds $10, he is required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed, or is otherwise unsuccessful. The Clerk must **SEND** a copy of this Order to

1  the attention of **Chief of Inmate Services for the Nevada Department of Corrections**, P.O.

2  Box 7011, Carson City, Nevada 89702.

3       (2) The Clerk will **FILE** the complaint (ECF No. 1-1).

4       (3) The Complaint is **DISMISSED WITH LEAVE TO AMEND**.

5       (4) Plaintiff has **30 DAYS** from the date of this Order to file an amended complaint

6  correcting the deficiencies noted above. The amended complaint must be complete in and

7  of itself without referring or incorporating by reference any previous complaint. Any

8  allegations, parties, or requests for relief from a prior complaint that are not carried

9  forwarded in the amended complaint will no longer be before the court. Plaintiff shall

10  clearly title the amended pleading  as "AMENDED COMPLAINT." If Plaintiff fails to

11  file an amended complaint within the 30 days, the action may be dismissed.

12       (5) Plaintiff's motion for appointment of counsel (ECF No. 3) is **DENIED WITHOUT**

13  **PREJUDICE**.

14

15  **IT IS SO ORDERED**.

16

17  Dated: August 21, 2020

18                               William G. Cobb

                                      William G. Cobb

19                               United States Magistrate Judge

20

21

22

23